**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10237 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00638-JD-1 |
| v. | |
| KONRAD P. WOLFF, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted October 19, 2017
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and GWIN,** District Judge.

Konrad Wolff appeals his conviction and sentence entered after a bench trial

on stipulated facts for receiving child pornography in violation of 18 U.S.C.

§ 2252(a)(2). We affirm.

1. Wolff argues that police violated the Fourth Amendment's prohibition

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

against unreasonable seizures by accepting his hard drive and other electronic devices from his wife. The district court correctly rejected this argument. There is no evidence that Wolff's wife acted as an agent of the police; rather, the record is clear that she contacted the police and voluntarily relinquished the items because she was concerned they contained child pornography. "The government's acceptance of documents obtained in a private search and voluntarily relinquished to government agents does not constitute a seizure . . . ." *United States v. Black*, 767 F.2d 1334, 1340 n.4 (9th Cir. 1985); *see also Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971) ("Had [the defendant's wife], wholly on her own initiative, sought out her husband's guns and clothing and then taken them to the police station to be used as evidence against him, there can be no doubt under existing law that the articles would later have been admissible in evidence."). We reject Wolff's argument that *Black* was superseded by *United States v. Jacobsen*, 466 U.S. 109 (1984) and *United States v. Jones*, 565 U.S. 400 (2012). A three-judge panel must follow the decisions of previous panels unless the prior decision "is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). *Jacobsen* is not "intervening" authority because it was decided after *Black*. *Jones* is not "clearly irreconcilable" with *Black* because it is concerned with searches rather than seizures, *see Jones*, 565 U.S. at 408, and does not consider whether a Fourth Amendment

2

seizure occurs when a private citizen voluntarily relinquishes another's property to the government.

2. Wolff argues that the search warrants pursuant to which the hard drive and the electronic devices were searched were not premised on a showing of probable cause. To the contrary, the affidavits submitted by a police officer in support of the warrant applications provided ample reason to find probable cause. The affidavit in support of the warrant application to search the hard drive stated that Wolff's wife had personally viewed the photos on the hard drive and reported seeing "'hundreds' of images of minors engaged in sexual acts or exposing themselves in a sexual manner." *See United States v. Smith*, 795 F.2d 841, 847–49 (9th Cir. 1986). The affidavit in support of the warrant application to search the other devices added that, based on the officer's training and experience, "pedophiles collect and keep such sexually explicit materials . . . on computers, computer peripherals, and other electronic devices capable of storing and/or viewing electronic information." *See United States v. Lacy*, 119 F.3d 742, 746 & n.6 (9th Cir. 1997).

3. Wolff argues that the district court committed procedural error by failing to recognize at the time of sentencing its ability to vary from the child pornography Guidelines under *Kimbrough v. United States*, 552 U.S. 85 (2007). "[A] district court commits procedural error when it fails to appreciate its *Kimbrough* discretion to vary from the child pornography Guidelines based on a categorical policy

3

disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). But, "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *Id.* The judge expressly noted that he had "read and considered" Wolff's sentencing memorandum, which reminded the court of its discretion under *Kimbrough*. The judge also characterized the Guidelines during sentencing as "advisory," and imposed a sentence in the middle of the Guidelines range. And, the judge noted that though he had "some concerns that [the sentence] understates the gravity of Mr. Wolff's offense," the sentence was "sufficient but not greater than necessary to meet . . . the policies of sentencing." There is thus no indication in this case that the district court either thought the Guidelines were too harsh or failed to appreciate its *Kimbrough* discretion.

4. Wolff argues his waiver of his challenge to the restitution award is invalid because the district court negotiated this waiver at sentencing. But, the district court neither "initiated" nor "directly negotiated" the waiver. *United States v. Gonzalez–Melchor*, 648 F.3d 959, 965 (9th Cir. 2011). Rather, the judge initially expressed his concerns about awarding Wolff a reduction under § 3E1.1(b) of the United States Sentencing Guidelines for "assist[ing] authorities in the investigation or prosecution of his own misconduct" because he "did not plead guilty," "has opposed all restitution," and "reserved his right to appeal," and invited counsel to respond.

4

Wolff's counsel then indicated that the challenge to restitution was entirely "on legal grounds" and offered to "concede the restitution issue and moot that issue on appeal." After confirming that this was Wolff's desire, the court granted Wolff an additional level of reduction under § 3E1.1(b). The court neither requested an appellate waiver nor promised the § 3E1.1(b) reduction in return for the waiver. This case is thus not like *Gonzalez–Melchor*, in which the judge initiated the exchange by stating he would "like to hear" the defendant waive his right to appeal and that he would grant a "substantial reduction" in the sentence if the defendant did so. 648 F.3d at 961.

**AFFIRMED**.

*United States v. Wolff*, 16-10237

GWIN, District Judge, dissenting:

I concur with the majority's Fourth Amendment analysis. However, I believe we should remand this case for resentencing. For that reason, I dissent in part.

At sentencing, the district court unnecessarily involved itself in plea negotiations, in violation of Federal Rule of Criminal Procedure 11(c)(1). The district judge essentially engaged the defendant in a trade. If the defendant waived the defendant's objection to restitution, the district court would award a third level for acceptance of responsibility under §3E1.1(b).

Although the government had earlier moved the court for a full three-level Guidelines reduction for acceptance of responsibility, the district judge refused the government's motion unless Wolff withdrew his objection to restitution. Thereafter, in exchange for Wolff's agreement not to challenge a restitution order, the district judge gave Wolff the full three-level acceptance of responsibility reduction.[1] Functionally, Wolff's Guidelines recommended incarceration shifted downward in exchange for Wolff's agreement not to challenge $6,000 in restitution.

Additionally, I believe that the district judge failed to adequately address

---

[1] Transcript of Sentencing Hearing at 6 ("The Court: 'So – we're clear . . . Mr. Wolff will pay the restitution to the three victims in the amounts specified in the presentence report and not challenge that order on appeal; is that right?' [Defense Attorney] Hansen: 'So waived.' The Court: 'Okay. All right. I will grant, then, the additional level of reduction on the government's motion.'").

Wolff's arguments regarding reasons to vary from the Guidelines under *Kimbrough v. United States*, 552 U.S. 85 (2007).

Both the Supreme Court and the Ninth Circuit have held that "when a party raises a specific, non-frivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should . . . explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). While the district judge here did provide a number of reasons for why he imposed the sentence he chose, he did not "go further and explain why he . . . rejected" Wolff's nonfrivolous argument. *See Rita*, 551 U.S. at 357.

I respectfully dissent in part.